# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEVON DARNELL GLEASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-0769-DDN |
| ) | |
| NORTHVIEW VILLAGE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This action is before the court on the motions of defendants Northview Village, Inc. and Makhlouf Suissa to dismiss. (Docs. 11, 13.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 18.) Oral argument was heard on August 21, 2012.

## I. BACKGROUND

On April 27, 2012, plaintiff DeVon Darnell Gleason commenced this action against defendants Northview Village, Inc. (Northview), his employer, and Makhlouf Suissa. In his complaint, plaintiff alleges that his former supervisor, James Moore, employed by Northview, sexually harassed him. Further, plaintiff alleges that he faced retaliation because he reported this harassment. (Doc. 1.) On July 24, 2012, defendants Northview and Suissa moved to dismiss plaintiff's count of retaliation.

(Doc. 11.) On the same date, defendant Suissa moved for dismissal on all counts. (Doc. 13.)

According to the complaint, the following occurred. In April 2011, dietary director James Moore promoted plaintiff to full-time employee status. (Doc. 1 at ¶ 12.) Shortly thereafter, Moore made sexual comments, referring to the size of plaintiff's buttocks and genitals. (Id.) On several occasions, Moore called plaintiff to his office, locked the door after plaintiff entered the office, and chased plaintiff around the office. (Id.) On June 2, 2011, Moore called plaintiff to his office, locked the door, and grabbed plaintiff's genitals. (Id.)

Afterwards, plaintiff reported the incident to SEIU Local 2000, his union, Kathy Lorey, the assistant administrator at Northview Village, and Ralph Menees, the human resources director at Northview Village. (Id.) While plaintiff filed his complaint, Moore stood near plaintiff in a threatening manner and yelled at plaintiff before being removed from the room. (Id.) After the report, plaintiff received a seven-day suspension. (Id.)

Plaintiff returned to work, but was allowed to work only half the hours he had been allowed prior to his suspension. (Id.) As of April 27, 2012, plaintiff continued to receive reduced hours. (Id.) When plaintiff returned to work, Northview had terminated Moore, but Moore continued to call and appear at Northview's facility. (Id.) Moore also threatened plaintiff through his friends and family who remained Northview employees. (Id.)

Plaintiff filed charges of discrimination with the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC) on June 15, 2011, alleging sexual harassment. (Id. at ¶ 11.)

About one month after plaintiff returned to work, Judy Deering, a Northview administrator, called him into her office and gave him a document, which stated that his sexual harassment report had been found unwarranted. (Id. at ¶ 12.) Deering told plaintiff that "she was done with it and did not want to hear anymore about it and [plaintiff] was to keep [his] mouth shut and be glad [he] had a job." (Id.) Deering also told him to stop his mother, Annamarie Baker, from pursuing the complaint. (Id.)

Northview hired Pauline Parker to fill Moore's position as dietary director. (Id.) Parker hired new employees and gave them more work hours than she gave plaintiff. (Id.) When plaintiff complained, he was told that "[he] was lucky to even have a job." (Id.)

Plaintiff attempted to resolve his complaint through mediation, but received no response from defendants Northview and Suissa. (Id. at ¶ 14.)

Plaintiff alleges one count of sexual harassment and one count of retaliation. (Id. at ¶ 10.)

## II.  MOTION TO DISMISS

Defendants Northview and Suissa move to dismiss plaintiff's count of retaliation, arguing that plaintiff failed to exhaust his administrative remedies, because plaintiff failed to raise the issue of retaliation in his EEOC charge. (Doc. 11.)

Plaintiff responds that he raised the issue of retaliation, because he noted his suspension without pay on the EEOC charge.  Further, plaintiff responds that the reduction of his hours occurred after he filed the EEOC charge and that he has since reported it to his union representative, the EEOC investigator, the EEOC mediator and his supervisor. (Doc. 21.)

Defendant Suissa filed a separate motion to dismiss, arguing that Suissa is not an "employer" under Title VII and therefore cannot be personally liable to a Title VII claim. Further, Suissa argues that plaintiff cannot sue Suissa, because Title VII requires filing EEOC charges against parties as a prerequisite to filing suit, and plaintiff failed to name Suissa in the EEOC charge. (Doc. 13.)

Plaintiff responds that Suissa knows the facts of the case and made recommendations. Plaintiff also argues that Suissa owns Northview, and that Suissa is liable for Northview's actions. (Doc. 21.)

### III.  MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. See Carton v. General Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir 2010); Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001). To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "more than labels and conclusions." Id. at 555. Rather, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

The Federal Rules of Civil Procedure demand only that a complaint present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And in this regard, the court must be mindful of Federal Rule of Civil Procedure 84 and its requirement that the attached Forms 10 to 21 be considered examples of the "simplicity and brevity that [Rule 8] contemplate[s]." Fed. R. Civ. P. 84; see Hamilton v. Palm, 621 F.3d 816, 818 (8th Cir. 2010).

## IV.  DISCUSSION

### A. Failure to exhaust administrative remedies

Plaintiff alleges that defendants retaliated against him for reporting sexual harassment by placing him on unpaid leave for seven days, allowing Moore to continue to harass him, and reducing his work hours.  Plaintiff also alleges that his supervisors told him that he was lucky to have a job.  Defendants argue that plaintiff's retaliation claim must be dismissed, because plaintiff failed to exhaust his administrative remedies with respect to that claim.

If a plaintiff fails to exhaust his administrative remedies with respect to a claim, that claim is subject to dismissal.  Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 852 (8th Cir. 2012).  A plaintiff must exhaust his administrative remedies for each separate alleged unlawful employment practice.  Id.  "To allow otherwise would frustrate the EEOC's investigatory and conciliatory roles, and deprive the charged party of notice.  Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 223 (8th Cir. 1994) (quoting Babrocky v. Jewel Food Co. & Retail Meatcutters, 773 F.2d 857, 863 (7th Cir. 1985)).

Retaliation refers to Title VII's prohibition of employment practices made for the purpose of discriminating against an employee because he participated in a Title VII investigation or proceeding.  42 U.S.C. § 2000e-3(a).  "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002).

In Richter, an employee filed a complaint in federal district court, alleging retaliation.  686 F.3d at 849-50.  In order to determine whether the employee had exhausted her administrative remedies with respect to her retaliation claim, the Eighth

Circuit looked to whether the employee had checked the box marked "retaliation" and to the narrative portion of her charge. Id. Because the employee failed to check the box and set forth no retaliatory actions, the court determined that the employee failed to exhaust her administrative remedies. Id. at 850-53.

In the instant case, plaintiff also failed to check the box marked retaliation. (Doc 12-1.) However, in his charge, plaintiff stated that he had been placed on unpaid leave. Id. Specifically, the charge reads, "I believe that I have been discriminated against due to my sex, male, in that I have been subjected to unwelcome comments and touching, I complained of the harassment, and I was placed on unpaid leave of absence during the [EEOC investigation]." Id. Although plaintiff failed to check the appropriate box, administrative procedures are not intended as traps for pro se litigants. Shannon v. Ford Motor Co., 72 F.3d 678, 685 (8th Cir. 1996). Therefore, to the extent that plaintiff's retaliation claim concerns the unpaid leave of absence, defendant's motion to dismiss is denied.

However, plaintiff's retaliation claim also includes the reduction of work hours, and coworker and supervisor harassment. Each of these claims is a separate employment practice that plaintiff failed to state in his administrative charge. Therefore, plaintiff failed to exhaust his administrative remedies with respect to these claims. Accordingly, to the extent that plaintiff's retaliation claim relies on any employment practice other than the unpaid leave alleged in plaintiff's EEOC charge, plaintiff's claim is dismissed without prejudice.

### B. Defendant Suissa

Defendant Suissa argues that plaintiff fails to state a claim against him because he is not an "employer" within the meaning of Title VII. Plaintiff argues that defendant Suissa should not be dismissed because defendant Suissa knew about the

discrimination and subsequent retaliation against him, and made recommendations. Plaintiff also argues that defendant Suissa should not be dismissed because defendant Suissa owns Northview.

Title VII prohibits discrimination or retaliation against individual by employers. 42 U.S.C. §§ 2000e-2, 2000e-3. Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person…" 42 U.S.C. § 2000e(b).

Plaintiff's complaint fails to state that defendant Suissa is his employer. In fact, plaintiff alleges nothing in his complaint against Suissa other than naming him as a party defendant. Because plaintiff fails to allege that defendant Suissa is an employer, plaintiff fails to state a claim upon which relief can be granted against defendant Suissa. Accordingly, plaintiff's claims against defendant Suissa are dismissed without prejudice.

## V.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendants Northview Village, Inc. and Makhlouf Suissa to dismiss plaintiff DeVon Darrell Gleason's count of retaliation (Doc. 11) is denied with respect to the allegations of unpaid leave set forth in plaintiff's EEOC charge (Doc. 12-1). In all other respects, the motion is sustained.

**IT IS FURTHER ORDERED** that the motion of defendant Makhlouf Suissa to dismiss all counts (Doc. 13) is sustained. All counts alleged by plaintiff DeVon Darnell Gleason against defendant Makhlouf Suissa are dismissed without prejudice.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 29, 2012.